# EXHIBIT A

Office Address:
17 State Street, 6th Floor,
Suite 600, New York, NY, 10004
T: +1 (631) 771 1703
E: newyork@mthreeconsulting.com



February 21, 2019

Mr. Christopher Wascak
11410 Reston Station Blvd.
557
Reston, VA
20190
United States of America

Dear Chris,

I am delighted to write to you with your Offer Letter and Terms and Conditions with MThree Corporate Consulting Limited ("MThree" or the "Company") as a **Director – Head of Business Development North Americas**. The provisional start date of your position will be confirmed at a later date.

1. You will receive a base salary at an annual rate equal to **$240,000.00**, payable on or around the last working day of every month. You agree to perform faithfully and to your best ability and talents, all of the duties that may be required by the express and implicit terms of your employment, to the satisfaction of the Company.

2. You will be located at 17 State Street, 6th Floor, Suite 600, New York, NY, 10004 or such place(s) as the needs of the business may reasonably require.

3. Your normal working week consists of 40 hours per week. Your start time is 9am and your finish time is 6pm unless otherwise agreed with your Line Manager. It is expected for you to attend the office at 8:45am and to be ready to work at your desk by 9am. You are expected to work the hours necessary to perform your role. You may be expected to work a reasonable number of hours in excess of your contracted working week commensurate with your professional responsibilities to satisfy Company requests.

4. Subject to Schedule one below, you will be entitled to receive bonus payments from the Company during your employment. For the avoidance of doubt, you will not be entitled to any bonus after your employment terminated. Any payments you are due whilst working your notice period will be honored in full.

5. Subject to clauses 5 and 6 below, bonus will only be due to you in line with your bonus structure outlined in Schedule one. Bonus due to you will be paid to you with your monthly salary (subject to the necessary deductions) in line with your current bonus scheme, subject to Schedule one below.

6. In the event the Company is obliged to refund a client all or any part of any fee received by the Company in line with a placement made by you, you hereby agree that an equivalent percentage of the bonus paid to you which relates to that fee or part thereof will be deducted from bonus payments and/or salary and/or expenses which may be due or become due to you. Alternatively, the Company may recover such sum or part thereof from you as debt.

7. You will have no entitlement after termination of your employment to any bonus payment to which you may have received as part of your schedule if you had remained in employment with the Company. For avoidance of doubt, any bonus payment you are due whilst working your notice period will be payable in full. Any fee earned historically which

Page | 1

**Office Address:**
17 State Street, 6th Floor,
Suite 600, New York, NY, 10004
T: +1 (631) 771 1703
E: newyork@mthreeconsulting.com



you have not yet received payment for will only be paid up to the date of your termination. You are not entitled to bonus payments upfront of the payment schedule.

8. For the avoidance of doubt, you will have no entitlement to any payment or benefit which is not described above, and all bonus and bonus schemes are discretionary, and the Company reserves the right to alter or remove such schemes.

9. The Company will reimburse you for any out of pocket expenses incurred by you, including any reasonable attorneys' fees you may incur while employed by the Company.

10. You will be an employee at will, and either you or the Company may terminate the employment relationship at any time and for any reason, with or without cause or notice. During your employment, it is expected that you will devote your full business efforts and time to the Company. You agree to comply with all the rules and regulations of the Company.

11. Notwithstanding the at-will nature of your employment, you hereby agree that during the first month of service, no notice is required by either party. During the following five months, 30 days' notice is required by either party. Following six months' service, both parties will provide 90 days' written notice to termination your employment with the Company. During any period of required notice, you will continue to be an employee, and you will continue to be entitled to receive your base salary (but not a bonus, if you would otherwise be eligible for such a bonus). Your fiduciary duties and other obligations as an employee of the Company will continue, and you will cooperate in the transition of your responsibilities. The Company shall, however, have the right, in its sole discretion, to direct that you no longer come in to work or to shorten the notice period. If the Company shortens the required notice period you have provided, it reserves the right, in its sole discretion, to not pay you for any remaining period of notice.

12. All amounts of compensation paid to you shall be paid subject to applicable taxes and deductions.

13. The Company has the right to deduct from your pay, any sums which you may owe the Company, including, without limitation, any overpayments or loans made to you by the Company, or losses (including any loss resulting from damage to any Company property, IT, Equipment or where the Company has sustained loss in relation to monies of the Company caused through your negligence, recklessness, dishonesty or through breach of the Company rules, or where you leave the Company the balance of any vacation taken in excess of entitlement or training assistance given.

14. You represent, warrant, and agree that (i) you have not taken and will not take, and/or will return or (with the consent of your former employer(s)) destroy without retaining copies, all proprietary and confidential materials of your former employer(s); (ii) you will not use any confidential, proprietary or trade secret information in violation of any contractual or common-law obligation to your former employer(s); (iii) you are not party to any enforceable agreement or subject to any enforceable policy applicable to you that would prevent or restrict you from engaging in activities competitive with the activities of your former employer(s) or from directly or indirectly soliciting any employee, client or customer to leave the employ of, or transfer its business away from, your former employer(s) or, if you are subject to such an agreement or policy, you have complied and will comply with it; (iv) you have not requested, solicited or encouraged, and will not request, solicit or encourage, any employees or customers or clients of your former employer(s) to join the Company or to leave your past employer(s) in violation of any common-law obligation or duty to your past employer(s); and (v) you are not subject to any agreement or policy that requires you to provide notice of resignation to your prior employer(s) in order for such resignation to become effective (or if you are subject to such agreement or policy, you have

Office Address:
17 State Street, 6th Floor,
Suite 600, New York, NY. 10004
T: +1 (631) 771 1703
E: newyork@mthreeconsulting.com



provided notice, and the notice period will have elapsed before your scheduled start date with the Company).

15. Any social media contacts, including "followers" or "friends," that are acquired through accounts (including, but not limited to email addresses, blogs, Twitter, Facebook, LinkedIn, YouTube, or other social media networks) used or created on behalf of MThree are the property of MThree.

16. You will be subject to all rules and policies applicable to employees of the Company generally or at your level or in your position. You will be eligible to participate in all employee benefits plans and programs of the Company, which may the Company reserves the right to amend at any time, generally applicable to employees at your level and in accordance with their terms, including the following:

    a. Vacation. You will be provided 20 days' vacation days at the beginning of each calendar year. You may not carry over unused vacation days to the following calendar year. You must use three of these days between 25th and 31st December. Upon termination of employment for any reason, MThree has the right to ask you to take any accrued, unused vacation days whilst working your notice period. Accrued but untaken vacation days will not be paid out to you on termination of employment.

    b. Sick Leave. In accordance with applicable law, you will be provided 5 days of sick leave each calendar year, which may be used for the following purposes: your physical or mental illness, injury, or health condition, or need for medical diagnosis, treatment, or preventative care; the same for a family member; or the closure of the Company's facilities in the case of a declared public health emergency. Sick leave may be used in increments of full days or half-days. Sick leave does not carry over from year to year; rather, you will be provided with 5 days (40 hours) at the beginning of each calendar year. Unused sick leave will not be paid on termination of employment for any reason.

    c. Public Holidays. You will be eligible for paid public holidays observed by MThree.

    d. Access to Health Insurance in line with the Company Scheme.

    e. Auto-enrolment into the Company 401k Plan.

    f. Access to the Company Commuter Reimbursement scheme.

17. By signing below and accepting the terms of this offer letter, you agree that the Company may assign this offer letter to any successor or assign.

18. This offer letter shall be interpreted in accordance with the laws of the State of New York without regard to the conflicts of laws principles thereof.

19. This offer letter, including the Confidentiality, Restrictive Covenant and Inventions Agreement attached hereto, represents the entire agreement between you and the Company regarding your employment with the Company and supersedes any and all previous and contemporaneous agreements and representations, written or oral. This offer letter may not be changed or terminated except in writing signed by the Company.

20. By accepting this offer of employment, you agree to submit any and all claims you may have against the Company on an individual basis. This means that no claim (including any claim related to terms or conditions of your employment with or compensation paid by the Company, or any change in or termination of your employment) may be litigated or otherwise adjudicated on a class or collective basis. You also hereby waive any right to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant, or

Office Address:
17 State Street, 6th Floor,
Suite 600, New York, NY, 10004
T: +1 (631) 771 1703
E: newyork@mthreeconsulting.com



member in a class action, collective action, or other representative or joint action against the Company, regardless of whether the action is filed in a judicial or administrative forum.

21. Clause removed.

22. The Company reserves the right to withdraw this offer of employment at any time before the start date for any legitimate business reasons. These include but are not limited to: the Company's client withdrawing any project for which you were employed for early, in its entirety or in part; the Company strategy changing since sending the offer and contract; the Company being made aware of any material issue or fact that would affect your ability to carry out your role; and/or the Company uncovers any issue with your conduct as a result of enhanced checks, which could materially affect your ability to carry out your role and/or cause concern for the Company.

23. This offer of employment is contingent upon receipt of satisfactory references on your behalf, as well as your successful completion of all facets of the Company's pre-employment screening process, which may include a screening test for illegal drugs and controlled substances, confirmation that you are legally able to work for the Company in the United States in the position offered to you, and a background investigation. This offer is also contingent upon your signing the attached Confidentiality, Restrictive Covenant and Inventions Agreement.

Yours sincerely,

*[signature]*

Alex Headley
President, MThree Corporate Consulting Limited


Accepted and Agreed:

*[signature]*                                  2/25/19
Christopher Wascak                             Date

Office Address:
17 State Street, 6th Floor,
Suite 600, New York, NY, 10004
T: +1 (631) 771 1703
E: newyork@mthreeconsulting.com



## CONFIDENTIALITY, RESTRICTIVE COVENANT AND INVENTIONS AGREEMENT

In consideration of this offer of employment by MThree Corporate Consulting Limited ("MThree" or the "Company"), as well as other good and valuable consideration, **Christopher Wascak** ("you") acknowledge and agree that:

### A. Confidential Information.

1. <u>Definition</u>. During the course of your employment with MThree, you will receive confidential information of and/or be in the possession of confidential information from MThree, its parents, subsidiaries, and any affiliated companies (collectively, "Affiliates"), as well as similar information pertaining to MThree's clients or customers, including, but not limited to, customer or client lists, services provided to such customers or clients, sources and leads for obtaining new business, vendors or suppliers, trade secrets, images, slogans, logos, designs, sketches, mock-ups, samples, computer software, operations, systems, services, financial affairs of the Company, forms, contracts, agreements, literature or other documents designed, developed or written by, for, with or on behalf of the Company, concepts, ideas, inventions, original works of authorship, discoveries, techniques, copyrights, patents, trademarks, and any and all information and know-how now or in the future, whether or not such confidential information relates to any Work Product (as defined herein) including without limitation, the underlying concept and production methodology of such Work Product (hereinafter, "Confidential Information"). Confidential Information shall not include information which is or which comes into the public domain through no fault of yours, or was known to you prior to any affiliation with MThree.

2. <u>Exclusive Property</u>. All Confidential Information is, and at all times shall remain, the exclusive property of MThree. You recognize and acknowledge that Confidential Information is valuable, special and unique to the business of MThree and its Affiliates, and that access to and knowledge thereof is essential to the performance of your duties to MThree. During the time that you are an employee of MThree, and at all times thereafter, you will keep secret and will not use or disclose any Confidential Information to any person or entity, in any fashion or for any purpose whatsoever, except at the request of or with prior written consent of MThree (or as may be required by applicable law). If you have any questions about whether any information is Confidential Information, as defined in this Agreement, you should consult with the Company before using or disclosing such information. You agree to store and maintain all Confidential Information in a secure place. You further agree that any property situated on MThree's premises and owned by MThree, including electronic files and other digital, analog or hard copy storage media, filing cabinets, lockers, desks or other work areas, is subject to inspection by MThree personnel at any time with or without notice. At the time of termination of your employment with MThree for any reason, you agree to promptly deliver to the Company (and will not keep in your possession, or otherwise recreate or deliver to anyone else), in whatever medium recorded, any and all Confidential Information and all other documents, materials, information, and property developed or obtained by you pursuant to your employment or otherwise belonging to MThree. Nothing in this Agreement shall prohibit you from making reports of possible violations of law or regulation to a governmental agency or other entity, or require notification or prior approval by the Company of same.

### B. Intellectual Property.

You agree that the Company shall own all right, title and interest throughout the world in and to any and all inventions, original works of authorship, developments, concepts, know-how, improvements, and trade secrets, whether or not patentable or registrable under copyright or similar laws, that you may solely or jointly conceive or develop or reduce to practice, or cause to be conceived or developed or reduced to practice during your employment, whether or not during regular working hours, provided that they (i) relate at the time of conception or development to the actual or demonstrably proposed business or research and development activities of the Company, (ii) result from or relate to any work performed for the Company, or (iii) are developed through the use of confidential information and/or resources of the Company or in consultation with any personnel of the Company (collectively referred to as "Work Product"). You hereby assign to MThree all right, title, and interest in and to any and all Work Product, and agree to assist the

Office Address:
17 State Street, 6th Floor,
Suite 600, New York, NY, 10004
T: +1 (631) 771 1703
E: newyork@mthreeconsulting.com



Company, at MThree's expense, to further evidence, record, and perfect such assignments, and to perfect, obtain, maintain, enforce, and defend any rights specified to be so owned or assigned. In addition to, and not in contravention of any of, the foregoing, you acknowledge that all original works of authorship that are made by you (solely or jointly with others) within the scope of employment and that are protectable by copyright are "works made for hire," as that term is defined in the United States Copyright Act (17 U.S.C. § 101). To the extent allowed by law, this includes all rights of paternity, integrity, disclosure, and withdrawal, and any other rights that may be known or referred to as "moral rights." To the extent you retain any such moral rights under applicable law, you hereby waive such moral rights and consent to any action consistent with the terms of this Agreement with respect to such moral rights, in each case, to the full extent of such applicable law. You agree to confirm any such waivers and consents from time to time as requested by MThree.

### C. Restrictions on Activities.

1. <u>Competition and Interfering Activities</u>. During your employment with MThree (including any applicable notice period prior to any termination thereof), and for the applicable Restricted Period, you agree that you will neither compete with the Company nor engage in any Interfering Activities, nor will you take any steps in anticipation of competing with the Company or engaging in Interfering Activities. For purposes of this Agreement:

   (a) "Compete" or "Competing" means to, directly or indirectly, on your behalf or on behalf of any other person or entity, in any way, whether as an individual proprietor, partner, stockholder, officer, employee, consultant, agent, director, joint venturer, investor, or in any other capacity, own, operate, manage, control, engage in, participate in, invest in, permit your name to be used by, act as a consultant or advisor to, render services for (alone or in association with any person, firm, corporation, or business organization), or otherwise assist any person or entity that engages in or owns, invests in, operates, manages, controls, or is affiliated with any venture or enterprise that, in the New York Metropolitan Area or within 50 miles therefrom, offers or plans to offer competing services with those offered by the Company.

   (b) "Interfering Activities" means to, directly or indirectly, on behalf of yourself or any other person or entity, in any way (i) solicit, induce, or encourage the resignation of any member, partner, employee, agent, or consultant of MThree (ii) solicit, induce or encourage any member, partner, employee, agent or consultant of MThree to join or perform services for anyone else, in any capacity, (iii) interfere in any way with the relationship between the Company and any of its respective members, partners, employees, agents, or consultants, (iv) hire or attempt to hire or reach any agreement (oral or written) with respect to the prospective hiring of any member, partner, employee, agent, or consultant of the Company or any person or entity that was a member, partner, employee, agent, or consultant within the six (6) month period immediately preceding the hire or attempt to hire, (v) interfere, or attempt to interfere, with the relationship between the Company and any of its actual or prospective clients or customers, or (vi) solicit, or attempt to solicit, the business of, any actual or prospective client or customer of the Company. You further acknowledge that this Section C.1(b)(vi) shall apply to clients or customers you originated or serviced during your employment with MThree, or about whom you are aware of Confidential Information, but only where MThree continues to provide services in the geographical area where such client or customer does business. This restriction is meant to protect the Company from losing such clients or customers to you, who by virtue of your employment with MThree, maintained a relationship with the clients and customers, gained knowledge about them, and/or become familiar with the requirements of such clients and customers.

   (c) "Restricted Period" means (i) with respect to your covenant not to compete, the period commencing on the termination of your employment for any reason and ending on the six (6) month anniversary of the date of such termination, and (ii) with respect to your covenant as to Interfering Activities, the period commencing on the termination of your employment

**Office Address:**
17 State Street, 6th Floor,
Suite 600, New York, NY, 10004
T: +1 (631) 771 1703
E: newyork@mthreeconsulting.com



for any reason and ending on the twelve (12) month anniversary of the date of such termination.

2. <u>Tolling of Restricted Periods</u>. If you shall violate any covenant contained herein with a stated duration, the duration of any such covenant so violated shall automatically be extended with respect to you for a period equal to the period during which you shall have been in violation of such covenant.

3. <u>Notice to Future Employers, Notice to MThree of Future Employers</u>. In the event that you leave the employ of MThree for any reason, you hereby agree to notify your new employer of your obligations that are continuing under this Agreement after the termination hereof. To enable MThree to monitor your compliance with the obligations imposed by this Agreement, you agree to inform MThree at the time you give notice of your termination of employment, of the identity of your new employer and of your job title and responsibilities, and will continue to so inform MThree, in writing, at any time you change employment during the eighteen (18) months following termination of your employment with MThree for any reason.

4. <u>Reasonableness of Covenants</u>. You acknowledge and expressly agree that the covenants contained in this Section C of this Agreement are reasonably necessary to protect valuable business interests of the Company, the Company's business, its officers, directors and employees. You represent that your experience, capabilities and circumstances are such that these provisions will not prevent you from earning a livelihood. You further agree that you have received valuable and adequate compensation in exchange for entering into the restrictions set out in this Agreement.

### D. Enforcement.

1. <u>Injunctive Relief</u>. You acknowledge and agree that a remedy at law for any breach or threatened breach of this Agreement would be inadequate, and therefore, agree that MThree or its Affiliates shall be entitled to injunctive relief, without posting bond or other security, in addition to any other available rights and remedies in cases of any such breach or threatened breach; provided, however, that nothing contained herein shall be construed as prohibiting MThree or its Affiliates from pursuing any other rights and remedies available for any such breach or threatened breach. You further agree that if suit is successfully brought to enforce this Agreement or to seek damages for its breach or threatened breach, you will pay to MThree or its Affiliates, in addition to any other damages caused to MThree or its Affiliates, all attorneys' fees incurred by MThree or its Affiliates in seeking such relief.

2. <u>Jurisdiction and Governing Law</u>. You agree that any proceeding concerning the enforcement of this Agreement, including an entry of a temporary and/or permanent restraining order which precludes the breach or continuing breach of this Agreement shall be brought in the United States District Court for the Southern District of New York or in the Supreme Court of the State of New York, New York County, and you consent to personal jurisdiction therein. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to conflict of law principles.

3. <u>No Waiver</u>. No failure or delay by MThree in exercising any right, power or privilege under this Agreement shall operate as a waiver thereof or preclude any other or further exercise thereof or the exercise of any other rights, power or privilege hereunder.

4. <u>No Oral Modification</u>. This Agreement may not be changed or modified except by a written agreement that has been signed by MThree's President.

5. <u>Blue Pencilling and Severability</u>. It is the intention of you and MThree that the provisions of this Agreement shall be enforced to the fullest extent permissible under the laws of New York. If any court of competent jurisdiction or arbitration panel determines that any covenant or provisions of this Agreement is unenforceable or unlawful, that covenant or provision shall not render unenforceable or impair the remaining covenants and provisions of this Agreement. In addition, if any covenant or provision is held to be unenforceable because of the scope, duration or area of its applicability, the court or tribunal making such determination shall have the power to modify such scope, duration or area, or all of them, and such covenant or provision shall then



**Office Address:**
17 State Street, 6th Floor,
Suite 600, New York, NY, 10004
T: +1 (631) 771 1703
E: newyork@mthreeconsulting.com

be applicable in such modified form and every other provision of this Agreement shall remain in full force and effect.

6. <u>Successor and Assigns.</u> MThree may assign this Agreement to any successors or assigns, and you shall be bound to any successor or assign of MThree.

Agreed to and accepted:

By: _____     _2/25/19_
    Christopher Wascak                  Date

**Office Address:**
17 State Street, 6th Floor,
Suite 600, New York, NY, 10004
T: +1 (631) 771 1703
E: newyork@mthreeconsulting.com



be applicable in such modified form and every other provision of this Agreement shall remain in full force and effect.

6. <u>Successor and Assigns.</u> MThree may assign this Agreement to any successors or assigns, and you shall be bound to any successor or assign of MThree.

Agreed to and accepted:

By: _____    _2/25/19_
    Christopher Wascak                Date

**Office Address:**
17 State Street, 6th Floor,
Suite 600, New York, NY, 10004
T: +1 (631) 771 1703
E: newyork@mthreeconsulting.com



# Schedule 1

**Date of this schedule being written and agreed:**
February 15, 2019

**Person being employed by MThree Corporate Consulting Ltd and to whom this schedule refers:**
Christopher Wascak

**Target:**

- Your targets will be agreed at a later date. Your targets will be presented in a written form.

**Escalating bonus:**

You will be eligible to receive a targeted bonus of total of $240,000.00. This bonus will be payable by instalments as below:

- $60,000.00 x 4 paid quarterly based upon agreed upfront targets.

**Equity**

During your Employment, you will be invited to participate in a share option scheme. Your participation will be discretionary and will not constitute a contractual entitlement under this Agreement. Any extinction or curtailment of any rights, benefits or expectations under any Share Scheme by reason of any transfer or termination of the Employment, howsoever arising, will not give rise to any claim for compensation and your rights or benefits under any Share Scheme will be determined in accordance with the Rules and not in accordance with the provisions of this Agreement (other than this Clause). Upon joining you will be allocated 1% Equity. Furthermore, you will be invited to purchase a possible further 2% of Equity over your employment, these will be purchased by you at a set and time price determined the Company at the time of purchase.

**Payment of bonus:**

Any bonus achieved is paid in the following quarter, split into three monthly payments.

Signed by Alex Headley:
**Managing Director**
**MThree Corporate Consulting Ltd**

Signed by:
_____
Christopher Wascak

2/25/19
_____
Date

Page | 9