# EXHIBIT J



Monday, August 8, 2022

Chris Wascak

11410 Reston Station Blvd.
557
Reston, VA 20190

112 Isle Dr.
Palm Beach Gardens, FL 33418

RE:     **REVISED - IMMEDIATE CEASE AND DESIST DEMAND BY WILEY EDGE**

Dear Mr. Wascak:

You have resigned your position of Senior Director - Head of Global Business Development with Wiley Edge, formerly known as Mthree Corporate Consulting Limited ("Wiley" or the "Company"), effective August 31, 2022, providing the requisite 90-day notice period set out in the terms of your employment. Subsequent, you violated the terms of your employment and prematurely and unilaterally ended your garden leave period and attempted to terminate your employment effective July 19, 2022. We have since discovered that you have launched a new company called HTD Talent ("HTD"), a direct competitor of Wiley, and in direct violation of your restrictive covenants. We are putting you on notice that you must comply with your non-compete, non-solicitation, confidentiality, and other obligations to Wiley. Wiley will take all actions it deems necessary to protect its interests and prevent any breach of your obligations and misappropriation or disclosure of its confidential information.

As you are aware, on February 25, 2019, you executed an Employment Offer Letter and Confidentiality, Restrictive Covenant and Inventions Agreement (the "Agreement"). Provisions of the Agreement survive the termination of your employment and prohibit you from engaging in certain conduct both during and after the termination of your employment with Wiley. We have also reminded you of these obligations in the Confirmation of Your Resignation Letter dated June 15, 2022.

Specifically, Section C, Restrictions on Activities, of the Confidentiality, Restrictive Covenant and Inventions Agreement prohibits you, during your employment, including the applicable 90-day notice period, and for a period of six (6) months after termination of your employment with Wiley from competing with the Company, taking steps in anticipation of competing with the Company or engaging in any Interfering Activities for a period of twelve (12) months from such date of termination.

In addition, the Restricted Share Unit Grant Agreements you executed on September 2020 and December 2021 ("RSU Grant Awards"), contain prohibitions on non-competition and non-solicitation for one-year following separation of your employment.

The Restrictive Covenants contained in the Agreement and your RSU Grant Awards survive termination of your employment and remain in effect through April 30, 2023 and August 30, 2023, respectively.

During your employment with Wiley as Senior Director - Head of Global Business Development, you have had direct knowledge of and access to a broad range of business and strategic initiatives and information, including information concerning Wiley's strategy; KPIs, marketing; training curriculum; educational architecture; client negotiations, terms and pricing models; processes;  s; methods; systems; operations; business formulas; research; development; discoveries; ideas; concepts; know-how; flow charts; data; computer programs; solutions; tools;

**WILEY**

marketing or development plans; financial information; budgets; pricing and cost information; margin data; customer or investor names; client lists; supplier lists; personnel data; transactions; acquisitions; strategies; forecasts; business and marketing plans; technical and business information regarding existing and/or contemplated products, processes, techniques or know-how, including services, offerings, and other proprietary processes and techniques, all of which Wiley considers confidential, proprietary and/or trade secret information. It would not be possible for me to specify all the information within your knowledge which Wiley considers confidential, other than to state that such confidential information includes all information within your knowledge which is not generally available to the public.

The terms of your employment with Wiley as well as state and common law impose on you a continuing duty of loyalty and confidentiality, which prohibits you from disclosing or utilizing Wiley's confidential or trade secret information at any time during or after your employment with Wiley. These confidentiality obligations survive the termination of your employment with Wiley and remain in effect indefinitely. We require and expect not only that you avoid deliberate use of Wiley's information, but also that you diligently strive to avoid even inadvertent use of it.

Although our investigation is continuing, based on information currently available, we believe you to be in breach of your contractual, common law and statutory obligations to Wiley by your role in the formation of HTD in violation of your non-compete and post-employment obligations. Even a cursory review of the HTD website evidences a pure duplication of Wiley Edge and HTD's focus on underrepresented groups is and was a significant strategic initiative to which you were responsible for within your role with Wiley. The timing of HTD's launch also plainly evidences a violation of your restrictions on competition, and preparation for competition, during and after your employment period. Wiley is prepared to defend its rights to the full extent necessary to protect itself and will take any and all action necessary against you and/or HTD to enjoin the breach and seek full compensation for any and all harm caused by the breach. Your RSU Awards also provide for a full forfeiture of awards as well as a clawback of the value of awards you have received in the event of a breach of the obligations described above.

Based on the foregoing, we require that you **immediately cease and desist** any unlawful activities and confirm in writing (with supporting documentation) by the close of business on **August 11, 2022** that you have complied and will continue to comply with the following:

1. Cease and Desist activities in connection with the formation and expansion of or launch HTD or any Competing Business of Wiley during your 1-year non-competition period and provide a copy of any employment agreements or offer letters/term sheets reflecting your start date and role with HTD as well as the timing of your involvement in its creation and launch

2. Cease and Desist from providing services to HTD or any Competing Business of Wiley during your 1-year non-competition period.

3. Cease and Desist from using or disclosing Wiley trade secrets and confidential and proprietary information.

4. Immediately return all trade secrets and confidential or proprietary information belonging to Wiley, including, but not limited to, strategy and planning documents, customer lists, customer information, pricing information, training materials, market research and marketing materials; and/or attest that you do not possess such information in any format.

5. Cease and Desist from all activities that violate your contractual obligations.

6. Cease and Desist from tortiously interfering with Wiley's business relations with its customers, clients and vendors.



Wiley takes its business interests and its confidential, proprietary, and trade secret information very seriously, and will take all necessary and appropriate steps to remedy your suspected breach and to prevent any misappropriation or disclosure of its trade secrets or confidential information, or any breach of its contracts, tortious interference with its business relations, or usurpation of its corporate opportunities. We will be watching HTD's actions in the market closely both before and after your 1-year non-competition period to ensure that you are not disclosing, utilizing or transferring any of Wiley's confidential information.

Thank you for your immediate attention to this matter.

Very truly yours,

*Kristy Grazioso*

Kristy Grazioso

VP, Global Employment Counsel

John Wiley & Sons

111 River Street
Hoboken, NJ 07030-5774