# EXHIBIT K



Monday, August 8, 2022


**UPS OVERNIGHT MAIL**


Robert Rolle
7008 Garamond Wood Dr
Charlotte, NC 28278


RE:    **IMMEDIATE CEASE AND DESIST DEMAND BY WILEY EDGE**


Dear Mr. Rolle:

You have resigned your position of Director – Inside Sales with Wiley Edge, formerly known as Mthree Corporate Consulting Limited ("Wiley" or the "Company") on June 27, 2022, with an effective Termination Date of July 26, 2022 providing the requisite 30-day notice period set out in the terms of your employment. Subsequent, you violated the terms of your employment and prematurely and unilaterally ended your garden leave period and attempted to terminate your employment effective July 19, 2022. We have since discovered that you have launched a new company called HTD Talent ("HTD"), a direct competitor of Wiley, and in direct violation of your restrictive covenants. We are putting you on notice that you must comply with your non-compete, non-solicitation, confidentiality, and other obligations to Wiley. Wiley will take all actions it deems necessary to protect its interests and prevent any breach of your obligations and misappropriation or disclosure of its confidential information.

As you are aware, on January 8, 2020, you executed your Offer Letter and Terms and Conditions (the "Agreement"). Provisions of the Agreement survive the termination of your employment and prohibit you from engaging in certain conduct both during and after the termination of your employment with Wiley. We have also reminded you of these obligations in the Confirmation of Your Resignation Letter dated June 30, 2022.

Specifically, Section 15 of the Agreement prohibits you, during your employment, including the applicable 30-day notice period, and for a period of six (6) months after termination of your employment with Wiley from competing with the Company or taking steps in anticipation of competing with the Company. Additionally you are prohibited from engaging in any interfering activities for a period of twelve (12) months from such date of termination.

The Restrictive Covenants contained in the Agreement survive termination of your employment and remain in effect through January 26, 2023 and July 26, 2023 respectively.

During your employment with Wiley as Director – Inside Sales, you have had direct knowledge of and access to a broad range of business and strategic initiatives and information, including information concerning Wiley's strategy; KPIs;, marketing; training curriculum; educational architecture; client negotiations, terms and pricing models; processes;  s; methods; systems; operations; business formulas; research; development; discoveries; ideas; concepts; know-how; flow charts; data; computer programs; solutions; tools; marketing or development plans; financial information; budgets; pricing and cost information; margin data; customer or investor names; client lists; supplier lists; personnel data; transactions; acquisitions; strategies; forecasts; business and marketing plans; technical and business information regarding existing and/or contemplated products, processes, techniques or know-

# WILEY

how, including services, offerings, and other proprietary processes and techniques, all of which Wiley considers confidential, proprietary and/or trade secret information. It would not be possible for me to specify all the information within your knowledge which Wiley considers confidential, other than to state that such confidential information includes all information within your knowledge which is not generally available to the public.

The terms of your employment with Wiley as well as state and common law impose on you a continuing duty of loyalty and confidentiality, which prohibits you from disclosing or utilizing Wiley's confidential or trade secret information at any time during or after your employment with Wiley. These confidentiality obligations survive the termination of your employment with Wiley and remain in effect indefinitely. We require and expect not only that you avoid deliberate use of Wiley's information, but also that you diligently strive to avoid even inadvertent use of it.

Although our investigation is continuing, based on information currently available, we believe you to be in breach of your contractual, common law and statutory obligations to Wiley by your role in the formation of HTD in violation of your non-compete and post-employment obligations. Even a cursory review of the HTD website evidences a pure duplication of Wiley Edge and HTD's focus on underrepresented groups is and was a significant strategic initiative to which you were responsible for within your role with Wiley. The timing of HTD's launch also plainly evidences a violation of your restrictions on competition, and preparation for competition, during and after your employment period. Wiley is prepared to defend its rights to the full extent necessary to protect itself and will take any and all action necessary against you and/or HTD to enjoin the breach and seek full compensation for any and all harm caused by the breach.

Based on the foregoing, we require that you **immediately cease and desist** any unlawful activities and <u>confirm in writing (with supporting documentation) by the close of business on **August 11, 2022**</u> that you have complied and will continue to comply with the following:

1. Cease and Desist activities in connection with the formation and expansion of or launch HTD or any Competing Business of Wiley during your 6-month non-competition period and provide a copy of any employment agreements or offer letters/term sheets reflecting your start date and role with HTD as well as the timing of your involvement in its creation and launch

2. Cease and Desist from providing services to HTD or any Competing Business of Wiley during your 6-month non-competition period.

3. Cease and Desist from using or disclosing Wiley trade secrets and confidential and proprietary information.

4. Immediately return all trade secrets and confidential or proprietary information belonging to Wiley, including, but not limited to, strategy and planning documents, customer lists, customer information, pricing information, training materials, market research and marketing materials; and/or attest that you do not possess such information in any format.

5. Cease and Desist from all activities that violate your contractual obligations.

6. Cease and Desist from tortiously interfering with Wiley's business relations with its customers, clients and vendors.

Wiley takes its business interests and its confidential, proprietary, and trade secret information very

111 River Street
Hoboken, NJ 07030-5774



seriously, and will take all necessary and appropriate steps to remedy your suspected breach and to prevent any misappropriation or disclosure of its trade secrets or confidential information, or any breach of its contracts, tortious interference with its business relations, or usurpation of its corporate opportunities. We will be watching HTD's actions in the market closely both before and after your 6-month non-competition period to ensure that you are not disclosing, utilizing or transferring any of Wiley's confidential information.

Thank you for your immediate attention to this matter.

Very truly yours,

Kristy Grazioso

Kristy Grazioso
VP, Global Employment Counsel

John Wiley & Sons

3

111 River Street
Hoboken, NJ 07030-5774