**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MTHREE CORPORATE CONSULTING D/B/A
WILEY EDGE,

                 Plaintiff,

      v.

CHRISTOPHER WASCAK and ROBERT
ROLLE,

                 Defendants.

Case No. 1:22-cv-07158-AKH

**ANSWER**

       Defendants Christopher Wascak and Robert Rolle ("Mr. Wascak" and "Mr. Rolle", collectively the "Defendants"), by and through their attorneys, Ottinger Law P.C., hereby submit this Answer to the First Amended Complaint of Plaintiff, MThree Corporate Consulting Ltd. d/b/a as Wiley Edge ("Plaintiff" or "Wiley"), dated November 21, 2022 (the "Complaint"), and responds, alleges, and avers, as follows on knowledge as to his own acts and otherwise on information and belief, as follows:

**NATURE OF ACTION[1]**

1.      Paragraph 1 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that Paragraph 1 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

**PARTIES**

2.      Admitted.

3.      Admitted.

4.      Admitted.

---

[1] The section headings used in the Complaint are repeated in this Answer solely as a matter of convenience and do not constitute an admission.

5.      The allegations contained in Paragraph 5 set forth legal conclusions to which no response is required.

6.      The allegations contained in Paragraph 6 set forth legal conclusions to which no response is required.

7.      The allegations contained in Paragraph 7 set forth legal conclusions to which no response is required.

## STATEMENT OF FACTS

8.      Defendants admit MThree was an education/staffing services provider. Defendants lack sufficient information to either admit or deny as to the remaining factual allegations contained in paragraph 8.

9.       Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

10.      Defendants admit that the hire, train, and deploy business model is a hybrid educational and staffing model. Defendants lack sufficient information to either admit or deny the remaining allegations contained in Paragraph 10.

11.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

12.       Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

13.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

14.      Defendants deny the allegations contained in Paragraph 14.

15.      Defendants deny the allegations contained in Paragraph 15.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

17.     Admitted.

18.     Admitted?

19.     Defendants admit Mr. Wascak entered into the "Wascak Agreement". All other allegations contained in Paragraph 19 set forth legal conclusions to which no response is required. To the extent that Paragraph 19 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

20.     Defendants admit Mr. Wascak entered into the "Wascak Agreement.  All other allegations contained in Paragraph 20 set forth legal conclusions to which no response is required. To the extent that Paragraph 20 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

21.     The allegations contained in Paragraph 21 set forth legal conclusions to which no response is required. To the extent that Paragraph 21 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

22.     The allegations contained in Paragraph 22 set forth legal conclusions to which no response is required. To the extent that Paragraph 22 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

23.     Defendants deny the allegations contained in paragraph 23 to the extent it states Mr. Wascak was solely responsible for all new business in North America. Admitted as to the remaining factual allegations.

24.     Defendants deny the allegations contained in Paragraph 24.

25.     Defendants deny that Mr. Wascak was directly involved in crafting and creating the curriculum and heavily influenced how it was developed. Defendants deny that Mr. Wascak

worked closely with the subject matter experts. Defendants admit all other allegations in Paragraph 25.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

27.     Defendants admit Mr. Wascak's role changed but deny all other allegations in Paragraph 27.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

29.     Defendants deny the allegations contained in paragraph 29.

30.     Defendants deny the allegations contained in paragraph 30.

31.     Defendants deny the allegations contained in paragraph 31.

32.     Defendants deny the allegations contained in paragraph 32.

33.     The allegations contained in Paragraph 33 set forth legal conclusions to which no response is required. To the extent that Paragraph 33 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

34.     Defendants deny the allegations contained in paragraph 34.

35.     Defendants deny the allegations contained in paragraph 35.

36.     Defendants deny the allegations contained in paragraph 36.

37.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

38.     Defendants admit the pilot program was a smaller-scale program. Defendants lack sufficient information to either admit or deny the remaining factual allegations contained in paragraph 38.

39.     Defendants deny the allegations contained in paragraph 39.

40.     Defendants admit that the Client Services Management team took over the responsibility for running the pilot programs but deny all other allegations in Paragraph 40.

41.     Mr. Wascak admits the allegations contained in Paragraph 41.

42.     The allegations contained in Paragraph 42 set forth legal conclusions to which no response is required. To the extent that Paragraph 42 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

43.     The allegations contained in Paragraph 43 set forth legal conclusions to which no response is required. To the extent that Paragraph 43 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

44.     Defendants admit the allegations contained in Paragraph 44.

45.     The allegations contained in Paragraph 45 set forth legal conclusions to which no response is required. To the extent that Paragraph 45 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

46.     The allegations contained in Paragraph 46 set forth legal conclusions to which no response is required.  To the extent that Paragraph 46 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

47.     The allegations contained in Paragraph 47 set forth legal conclusions to which no response is required. To the extent that Paragraph 47 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

48.      Defendants admit Mr. Rolle reported to Mr. Wascak prior to the restructuring. Defendants deny all remaining allegations set forth in Paragraph 48.

49.      Defendants deny they were directly involved in the strategic discussions that ultimately led to the creation of the inside sales team. Defendants lack sufficient information as to admit or deny the remaining allegations contained in Paragraph 49.

50.     Defendants admit Mr. Rolle's title changed and deny all other allegations contained in Paragraph 50.

51.     Defendants admit Mr. Rolle supervised the team's outreach campaign. Defendants admit contact information for target potential clients was procured through ZoomInfo, a business intelligence provider. Defendants deny all other allegations contained in Paragraph 51.

52.     Defendants deny the allegations contained in Paragraph 52.

53.     Defendants deny the allegations contained in Paragraph 53.

54.     Defendants deny that understanding who the key personnel are within Plaintiff's client's architecture and what the clients' staffing and training needs are is not-well known. Defendants lack sufficient information to either admit or deny the remaining allegations contained in Paragraph 54.

55.     Defendants admit once a potential client responds to Plaintiff's outreach campaign with interest, Mr. Wascak's team would take over communications. Defendants deny the remaining allegations contained in Paragraph 55.

56.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

57.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

58.     Admitted.

59.     Defendants admit they submitted their resignations. Defendants deny all remaining allegations contained in Paragraph 59.

60.     Defendants admit the allegations contained in Paragraph 60.

61.     Defendants deny the allegations contained in Paragraph 61.

62.     The allegations contained in Paragraph 62 set forth legal conclusions to which no response is required. To the extent that Paragraph 62 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

63.     The allegations contained in Paragraph 63 set forth legal conclusions to which no response is required. To the extent that Paragraph 63 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

64.     Defendants deny the allegations contained in Paragraph 64.

65.     Defendants deny the allegations contained in Paragraph 65.

66.     The allegations contained in Paragraph 66 set forth legal conclusions to which no response is required. To the extent that Paragraph 66 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

67.     The allegations contained in Paragraph 67 set forth legal conclusions to which no response is required. To the extent that Paragraph 67 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

68.     Defendants admit they sent emails to Plaintiff on July 22, 2022. The remaining allegations contained in Paragraph 68 set forth legal conclusions to which no response is required. To the extent that Paragraph 68 sets forth other allegations of fact to which a response is required, Defendants deny those allegations.

69.     Defendants admit they formed a company named HTD Talent in North Carolina. Defendants lack sufficient information as to admit or deny the date Plaintiff first became aware that Defendants formed a company. Defendants deny the remaining allegations contained in Paragraph 69.

70.     Defendants admit they release a press release about their company HTD Talent. Defendants lack sufficient information as to admit or deny the date Plaintiff learned that HTD Talent was incorporated. Defendants deny the remaining allegations contained in Paragraph 70.

71.     Defendants admit Plaintiff send them letters dated August 5, 2022, and August 8, 2022. The remaining allegations contained in Paragraph 71 set forth legal conclusions to which no response is required. To the extent that Paragraph 71 sets forth further allegations of fact to which a response is required, Defendants deny those allegations.

72.     Defendants admit the allegations contained in Paragraph 72.

73.     Defendants admit Plaintiff sent them a letter, through their counsel of record, dated August 16, 2022. The remaining allegations contained in Paragraph 73 set forth legal conclusions to which no response is required. To the extent that Paragraph 73 sets forth further allegations of fact to which a response is required, Defendants deny those allegations.

74.     Defendants admit the allegations contained in Paragraph 74.

75.     Defendants deny the allegations contained in Paragraph 75.

76.     Defendants deny the allegations contained in Paragraph 76.

77.     Defendants deny the allegations contained in Paragraph 77.

78.     Defendants deny the allegations contained in Paragraph 78.

79.     Defendants deny the allegations contained in Paragraph 79.

80.     Defendants admit that as a black-owned small business, HTD Talent focuses on diversity. Defendants deny the remaining allegations contained in Paragraph 80.

81.     Defendants deny the allegations contained in paragraph 81.

82.     Defendants admit HTD Talent is hiring. The remaining allegations contained in Paragraph 82 set forth legal conclusions to which no response is required. To the extent that

Paragraph 82 sets forth further allegations of fact to which a response is required, Defendants deny those allegations.

83.     The allegations contained in Paragraph 83 set forth legal conclusions to which no response is required. To the extent that Paragraph 83 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

84.     Defendants deny the allegations contained in Paragraph 84.

## FIRST CAUSE OF ACTION
Breach of Contract Against Defendants – Violation of Non-Solicitation of Employees Provisions

85.     Defendants repeat and reallege each and every response in this Answer contained in Paragraphs 1-84 as if fully set forth herein.

86.     The allegations contained in Paragraph 86 set forth legal conclusions to which no response is required. To the extent that Paragraph 86 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

87.     The allegations contained in Paragraph 87 set forth legal conclusions to which no response is required. To the extent that Paragraph 87 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

88.     The allegations contained in Paragraph 88 set forth legal conclusions to which no response is required. To the extent that Paragraph 88 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

89.     The allegations contained in Paragraph 89 set forth legal conclusions to which no response is required. To the extent that Paragraph 89 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

90.     The allegations contained in Paragraph 90 set forth legal conclusions to which no response is required. To the extent that Paragraph 90 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

91.     The allegations contained in Paragraph 91 set forth legal conclusions to which no response is required. To the extent that Paragraph 91 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

## SECOND CAUSE OF ACTION
Breach of Contract Against Mr. Wascak – Violation of the RSU Non-Solicit of Employees Provision

92.     Defendant Wascak repeats and realleges each and every response in this Answer contained in Paragraphs 1-91 as if fully set forth herein.

93.     The allegations contained in Paragraph 93 set forth legal conclusions to which no response is required. To the extent that Paragraph 93 sets forth allegations of fact to which a response is required, Defendant Wascak denies those allegations.

94.     The allegations contained in Paragraph 94 set forth legal conclusions to which no response is required. To the extent that Paragraph 94 sets forth allegations of fact to which a response is required, Defendant Wascak denies those allegations.

95.     The allegations contained in Paragraph 95 set forth legal conclusions to which no response is required. To the extent that Paragraph 95 sets forth allegations of fact to which a response is required, Defendant Wascak denies those allegations.

96.     The allegations contained in Paragraph 96 set forth legal conclusions to which no response is required. To the extent that Paragraph 96 sets forth allegations of fact to which a response is required, Defendant Wascak denies those allegations.

97.     The allegations contained in Paragraph 97 set forth legal conclusions to which no response is required. To the extent that Paragraph 97 sets forth allegations of fact to which a response is required, Defendant Wascak denies those allegations.

98.     The allegations contained in Paragraph 98 set forth legal conclusions to which no response is required. To the extent that Paragraph 98 sets forth allegations of fact to which a response is required, Defendant Wascak denies those allegations.

### THIRD CAUSE OF ACTION
Breach of the Duty of Loyalty/Faithless Servan Doctrine Against Defendants

99.     Defendants repeat and reallege each and every response in this Answer contained in Paragraphs 1-98 as if fully set forth herein.

100.    The allegations contained in Paragraph 100 set forth legal conclusions to which no response is required. To the extent that Paragraph 100 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

101.    Defendants deny the allegations contained in Paragraph 101. To the extent the allegations contained in Paragraph 101 set forth legal conclusions, no response is required.

102.    Defendants admit they were paid on a bi-weekly basis prior to their resignation. Defendants deny the remaining allegations contained in Paragraph 102.

103.    The allegations contained in Paragraph 103 set forth legal conclusions to which no response is required. To the extent that Paragraph 103 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

104.    Defendants deny the allegations contained in Paragraph 104. To the extent the allegations contained in Paragraph 91 set forth legal conclusions, no response is required.

## FOURTH CAUSE OF ACTION

Misappropriation of Trade Secrets and Confidential Information against Defendants

105.    Defendants repeat and reallege each and every response in this Answer contained in Paragraphs 1-104 as if fully set forth herein.

106.    The allegations contained in Paragraph 106 set forth legal conclusions to which no response is required. To the extent that Paragraph 106 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

107.    Defendants deny the allegations contained in Paragraph 107.

108.    Defendants deny the allegations contained in Paragraph 108.

109.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

110.    Defendants deny the allegations contained in Paragraph 110. To the extent the allegations contained in Paragraph 110 set forth legal conclusions, no response is required.

111.    Defendants deny the allegations contained in Paragraph 111.

112.    Defendants deny the allegations contained in Paragraph 112.

113.    Defendants deny the allegations contained in Paragraph 113.

114.    The allegations contained in Paragraph 114 set forth legal conclusions to which no response is required. To the extent that Paragraph 114 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

## FIFTH CAUSE OF ACTION

Declaratory Judgement – Enforceability of the Non-Compete and Non-Solicitation of Clients Provisions in the Wascak and Rolle Agreements and RSU Grant Awards

115.    Defendants repeat and reallege each and every response in this Answer contained in Paragraphs 1-114 as if fully set forth herein.

116.    The allegations contained in Paragraph 116 set forth legal conclusions to which no response is required. To the extent that Paragraph 116 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

117.    The allegations contained in Paragraph 117 set forth legal conclusions to which no response is required. To the extent that Paragraph 117 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

118.    The allegations contained in Paragraph 118 set forth legal conclusions to which no response is required. To the extent that Paragraph 118 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

119.    Defendants admit they retained counsel and that the Restrictive Covenants are unenforceable. The remaining allegations contained in Paragraph 119 set forth legal conclusions to which no response is required. To the extent that Paragraph 119 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

120.    The allegations contained in Paragraph 120 set forth legal conclusions to which no response is required. To the extent that Paragraph 120 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

121.    Defendants admit their position is that the Restrictive Covenants are unenforceable. Defendants deny the remaining allegations contained in Paragraph 121.

122.    Defendants deny the allegations contained in Paragraph 122.

123.    The allegations contained in Paragraph 123 set forth legal conclusions to which no response is required. To the extent that Paragraph 123 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

124.    The allegations contained in Paragraph 124 set forth legal conclusions to which no response is required. To the extent that Paragraph 124 sets forth allegations of fact to which a response is required, Defendants deny those allegations.

## PRAYER FOR RELIEF

125.    The "WHEREFORE" paragraph (including subparagraphs (a)-(g)) which immediately follows Paragraph 124 states various demands for relief to which no response is required but, should a response be required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

126.    Defendants deny any other allegations in the Complaint that are not specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

127.    Defendants assert the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest of Plaintiff.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

128.    As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert that the Complaint, and each and every cause of action contained therein, fails to set forth facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE
(Barred by Statute of Limitations)

129.    As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants asserts that Plaintiff's claims are barred in whole or in part by any and all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE
(Failure to Mitigate)

130.   As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants asserts that if Plaintiff sustained any damages as a result of the allegations set forth in the Complaint, such damages are the result of Plaintiff's failure to take reasonable efforts to mitigate the damages allegedly suffered.

### FOURTH AFFIRMATIVE DEFENSE
(Independent Cause)

131.   As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert that any damages allegedly suffered by Plaintiff was caused or contributed to by persons and causes other than Defendants, including Plaintiff, thereby eliminating or reducing any alleged liability of Defendants.

### FIFTH AFFIRMATIVE DEFENSE
(Setoff/Offset)

132.   As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Complaint, that it incurred damages by reason of Plaintiff's conduct, and Defendants are entitled to a setoff and/or offset of any amount of monies owed to Plaintiff by way of damages.

### SIXTH AFFIRMATIVE DEFENSE
(Estoppel)

133.   As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert that Plaintiff is estopped and barred from obtaining the relief requested therein.

### SEVENTH AFFIRMATIVE DEFENSE
(Waiver)

134.   As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants allege that Plaintiff has waived its rights, if any, to pursue the claims set forth in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
(Laches)

135.     As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert that Plaintiff is barred from recovery, in whole or in part, by the equitable doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE
(Unclean Hands)

136.     As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert that Plaintiff's causes of action are barred by the equitable doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE
(Failure to Set Forth Facts for Punitive Damages)

137.     As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Complaint, that Plaintiff's Complaint fails to set forth facts sufficient to constitute a claim for punitive or exemplary damages.

## ELEVENTH AFFIRMATIVE DEFENSE
(Good Faith Belief Acting Under Legal Right in Permissible Way)

138.     As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert that in good faith and without fraud, oppression or malice against Plaintiff's rights, they believed they were acting under a legal right and did no more than insist upon these legal rights in a permissible way.

## TWELFTH AFFIRMATIVE DEFENSE
(No Fraud/Malice/Oppression)

139.     As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert that they acted in good faith and have reasonable grounds for believing their actions did not violate New York or federal law. Defendants also assert that they acted without fraud, oppression or malice against Plaintiff's rights, and they believed

they were acting under a legal right and did no more than insist upon these legal rights in a permissible way.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Take Reasonable Steps to Avoid Harm or Consequences)

140.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Complaint, that Plaintiff's claims and damages are barred in whole or in part by Plaintiff's failure to take reasonable and necessary steps to avoid the harm and/or consequences that it allegedly suffered.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Perform)

141.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, and without admitting the existence of a contract, Defendants asserts that Plaintiff's claims are barred in that it failed to perform obligations existing under statute or contract.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Violation of Any Constitutional Provision, State Statute or Regulation)

142.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Complaint, that Plaintiff's causes of action are barred because Defendants did not violate any constitutional provision, state statute, regulation, or other substantial public policy of the State of New York as alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Conduct Not Extreme and Outrageous)

143.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Complaint, that the conduct Plaintiff alleges Defendants undertook did not amount to extreme and outrageous conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE
(No Authorization, Adoption, or Ratification)

144.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert that Plaintiff's Complaint, and each purported cause of action contained therein, or some of them, is barred because, assuming arguendo that Plaintiff's allegations are true, such allegations were not authorized, adopted or ratified by Defendants, and/or Defendants did not know, nor should have known of such conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE
(Defendant Fully Performed All Duties and Obligations Owed to Plaintiff)

145.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants allege that any duty or obligation, contractual, statutory, or otherwise, which Plaintiff claims was owed by Defendants has been fully and faithfully performed, satisfied, and/or discharged.

## NINETEENTH AFFIRMATIVE DEFENSE
(After-Acquired Evidence)

146.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants allege that Plaintiff's claims and damages, if any, are barred, in whole or in part, by the doctrine of after-acquired evidence.

## TWENTIETH AFFIRMATIVE DEFENSE
(Speculative Damages and/or Penalties)

147.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants allege that Plaintiff is precluded from recovering the damages alleged in the Complaint because those damages and/or penalties are too vague, ambiguous, excessive, unreasonable, uncertain and speculative to permit recovery.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
(Lack of Reliance)

148.    As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants allege that the Complaint, and each

purported cause of action alleged therein, is barred, in whole or in part, as Plaintiff did not rely on any statement of Defendant.

### TWENTY- SECOND AFFIRMATIVE DEFENSE
(Mixed Motive)

149.     As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants allege that in the event that Plaintiff proves any wrongful acts by Defendants, all of which Defendants deny, the alleged actions about which Plaintiff complains would have been the same even if the alleged wrongful motive played no role.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(Avoidable Consequences Doctrine)

150.     As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendants assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Complaint, that Plaintiff's claims and damages are barred in whole or in part by Plaintiff's failure to take reasonable and necessary steps to avoid the harm and/or consequences they allegedly suffered. Plaintiff is barred from recovering any damages that could have been avoided with reasonable effort.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Defendant Acted Reasonably)

151.     As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Complaint, that they acted reasonably, permissibly and in good faith, and for good cause, at all material times, based on relevant facts and circumstances known to them at the time, or in conformity with and in reliance upon applicable regulations, orders, codes, practices, policies or procedures.

### TWENTY- FIFTH AFFIRMATIVE DEFENSE
(Constitutional Violations)

152.     As a separate and affirmative defense to the Complaint, and to each alleged cause

of action contained therein, Defendants assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Complaint, that any award of punitive damages in this case would violate the due process, equal protection and excessive fines provisions of the New York and United States Constitutions.

### TWENTY- SIXTH AFFIRMATIVE DEFENSE
(Other Negligence or Misconduct)

153.    As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Complaint, that the Complaint, and each purported cause of action contained therein, was not the result of any negligence or intentional misconduct on the part of Defendants, but is instead barred by Plaintiff's or third parties' own acts, omissions, negligence or misconduct.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(Assumption of Risk)

154.    As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Complaint, that if Plaintiff suffered or sustained any loss, damages or injury at or about the times and places alleged, the same or the direct and proximate result of the risk, if any there was, was knowingly assumed by Plaintiff.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
(No Substantial Factor)

155.    As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Complaint, that any conduct of Defendants was not a substantial factor in bringing about the loss and damage complained of by Plaintiff, and, therefore, Defendants may not be held liable to Plaintiff as alleged.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
(No Causal Connection)

156.    As a separate and affirmative defense to the Complaint, and to each alleged cause

of action contained therein, Defendants assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Complaint, that there is no causal connection or nexus between Plaintiff's claims as alleged in its Complaint and Defendants actions and/or inactions.

### THIRTIETH AFFIRMATIVE DEFENSE
(Bad Faith)

157.    As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Complaint, that Plaintiff's Complaint, and each purported cause of action set forth therein, has always been, and continues to be, frivolous, unreasonable, in bad faith, and groundless. Plaintiff brought this action in bad faith and is, therefore, barred from any recovery in this action.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
(Attorneys' Fees and Costs)

158.    As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Complaint, that there is no statutory or contractual basis for seeking attorney's fees and costs against Defendant.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
(Failure to Show Intent or Willfulness)

159.    As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Complaint, that the Complaint, and each of its causes of action, are barred in whole or in part because Plaintiff has not alleged, and cannot allege, facts demonstrating that Defendants conduct was willful, intentional or harmful. Without admitting any facts pled in the Complaint, Defendants allege that they engaged in lawful conduct that was with cause and justification, and Defendants are not liable for any purported injuries or claims which Plaintiff now declares.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
(No Severe Emotional Distress)

160.   As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Complaint, that the alleged acts of Defendants was not outrageous, intentional, or reckless, and Plaintiff did not suffer severe emotional distress as a result of Defendants alleged acts.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
(Additional Defenses)

161.   As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendants assert, without admitting that they engaged in any of the acts or conduct attributed to them in the Complaint, that Plaintiff does not state their allegations with sufficient clarity in the Complaint to enable Defendants to determine what additional defenses may exist to Plaintiff's causes of action. Defendants, therefore, reserve the right to assert all other defenses which may pertain to the Complaint.

Defendants will assert the above-stated affirmative and other defenses at trial, or whether those will be the only such defenses asserted. Such defenses, however, are asserted in Defendants' Answer to provide Plaintiff with notice of Defendants' intention to assert such defenses and to avoid any issue of waiver of any such defenses. Additionally, Defendants reserve the right to assert additional defenses as the course of discovery and investigation progresses.

Dated:  December 5, 2022

Respectfully submitted,

THE OTTINGER FIRM, P.C.
By: /s/ Robert Ottinger
Robert Ottinger
79 Madison Avenue
New York, NY 10016
Tel: (347) 492-1904
robert@ottingerlaw.com

*Attorneys for Plaintiff*